O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04949 AHM (AJWx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | JORGE AQUINO v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On July 10, 2009, Defendant National Union Fire Insurance Company of Pittsburgh removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1441(a).  Defendant states that Plaintiff Jorge Aquino is a *citizen* of California, citing the allegation in the Complaint that Plaintiff is a resident of Los Angeles County, California.  Notice of Removal ¶ 6; Complaint ¶ 1.  Defendant is incorporated under the laws of Pennsylvania with its principal place of business in New York.  Notice of Removal ¶ 5.

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996).  The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute — here, Defendant.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  A removing defendant must set forth "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Although Defendant alleges that the Court has original jurisdiction over this action because the parties meet the requisite diversity of citizenship, Defendant must allege the citizenship of the Plaintiff.  *See* 16 *Moore's Federal Practice*, § 107.14[2][b] (3d ed. 2003).  To be "a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (emphasis in original). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The Complaint alleges that Plaintiff *resides* in California, but not that he is

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04949 AHM (AJWx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | JORGE AQUINO v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, et al. | | |

domiciled there. Defendant's allegations of Plaintiff's citizenship based only on the Complaint are therefore inadequate.

Furthermore, 28 U.S.C. § 1446(a) requires that Defendant include in its notice of removal "a copy of all process, pleadings, and orders served upon" it in this action. However, Defendant has failed to include a copy of the summons served on it by Plaintiff or to explain that no summons has been served.

Accordingly, Defendant is ORDERED TO SHOW CAUSE in writing by not later than **August 4, 2009** why this action should not be remanded for lack of removal jurisdiction. Failure to respond on or before that date will be construed as consent to remand.

|  | : |
|---|---|
| Initials of Preparer | se |